UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**RALPH R. STOGNER, III**                         **CIVIL ACTION**

**VERSUS**                                        **NO. 05-4317**

**N. BURL CAIN, WARDEN**                          **SECTION C (3)**

### ORDER AND REASONS

Before the Court is the objection of petitioner, Ralph R. Stogner, III, to the magistrate judge's report and recommendation that his petition for federal habeas corpus relief be dismissed with prejudice. Rec. Doc. 19. The Court has reviewed the petitioner's objection, and the report and recommendation, petition, the record, and the applicable law de novo. The Court adopts the report of the magistrate judge, except for the portion concerning the second part of petitioner's ineffective assistance of counsel claim, which the Court finds warrants some discussion and clarification, in consideration of petitioner's objection. In addition, the Court adopts the magistrate judge's recommendation and finds that the petition should be dismissed with prejudice.

### Second Part of Petitioner's Ineffective Assistance of Counsel Claim

In his objection, petitioner asserts that the magistrate judge misunderstood the central

argument of the second part of his ineffective assistance of counsel claim, found in the petition at page 56:

> **(XV)** *The Withdrawn Search*
>
> (2) TRIAL ATTORNEYS DENIED PETITIONER EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RECOGNIZE THAT PETITIONER HAD IN FACT WITHDRAWN HIS CONSENT TO THE SEARCH OF HIS HOME AND TRUCK BEFORE THE FBI HAD ACTUALLY SEIZED ANY ITEMS FROM HIS HOME AND BEFORE HIS TRUCK WAS ILLEGALLY TOWED AWAY PRIOR TO A WARRANT PRESENTED TO THE PETITIONER.

Petitioner's brief, p. 56. Petitioner objects that the magistrate judge wrongfully concluded that "Petitioner's underlying premise is that, as a matter of law, a search may be conducted pursuant to a warrant only after the warrant has been *presented* to the property owner." Objection to Report and Recommendation, Rec. Doc. 19 at 9 (quoting Report and Recommendation, Rec. Doc. 18, at 28). Instead, petitioner states that the contention of his claim was "that all items not specifically listed within the 'four corners' of the search warrant for his house and truck should be suppressed." Petitioner's brief, p. 59.

In his report and recommendation, the magistrate judge included the facts of the case as summarized by the Louisiana Court of Appeal, First Circuit. The portion of the facts relevant to this claim is repeated here:

> On April 16, 1998, F.B.I. agents, the sheriff, and police officers arrived at defendant's home in Arabi, Louisiana. They telephoned anonymously ahead in order to confirm that he was home. When they knocked on his door, he did not answer for some time. When he finally came to the door, he appeared nervous and was extremely cooperative. The police told him they were looking for a

> young girl who was missing from her home, and they asked if they
> could search his house. He consented to their search. After
> approximately twelve hours, when defendant saw that the officers
> intended to search his truck, he revoked his consent. The officers
> then obtained a search warrant.
>
> The investigators found a flannel shirt and boots matching the
> description given by Huff in defendant's house. They found twelve
> hairs, one on defendant's boot. According to Robert Fram, an F.B.I.
> agent who testified at defendant's trial, the twelve hairs found in
> defendant's house had been dyed more than once, in a nonprofessional
> manner. The victim's mother testified that she had dyed
> the victim's hair. Fram testified that pursuant to analysis, these hairs
> could not be excluded as the victim's hair. Dr. John Stewart, who
> testified for the State and was qualified by the court as an expert in
> the field of DNA analysis, testified that the genetic profile of the hair
> taken from defendant's boot matched the genetic profile of the
> victim's hair. Additionally, the hair that had been taken from
> defendant's trash can reflected the same mitochondrial DNA profile
> as that of the victim's hair. Dr. Stewart concluded that the victim
> could not be eliminated as the source of the hair.
>
> Officers obtained a search warrant to search defendant's
> truck. The truck was extremely clean. Black carpet fibers taken from
> the defendant's truck floor exhibited the same microscopic
> characteristics as fibers taken from the victim's t-shirt. Additionally,
> a certain brand of lipstick was found in the back of the truck. The
> victim's grandmother testified at trial that she had recently bought
> this brand of lipstick for the victim.

*State v. Stogner*, 2002-KA-1884, at pp. 5-6 (La.App. 1 Cir. 6/27/2003)(unpublished opinion);

State Rec. Vol. 27.   Petitioner initially granted consent for the police to search his home, which

they searched for twelve hours.  When he saw that they intended to search his truck as well, he

withdrew his consent.   At some point the officers also obtained a search warrant to search his

truck, and found several pieces of incriminating evidence inside, including carpet fibers that

matched fibers taken from the victim's t-shirt, and lipstick that was connected to the victim by

3

her grandmother's testimony. Petitioner claims that his counsel was ineffective for failing to move to suppress this evidence.[1]

The magistrate judge analyzed petitioner's claim as an argument that the search of his truck was illegal because at the time the search was conducted, the officers had not yet presented him with the search warrant they had obtained. The magistrate judge rejected this argument, because the evidence showed that at the time petitioner revoked his consent, the search warrant had already been issued, and because the Fourth Amendment imposes no requirement that the executing officer present the owner with a copy of the warrant before conducting the search. *See United States v. Grubbs*, 547 U.S. 90 (2006). In addition, the magistrate judge found that the petitioner did not establish that the disputed evidence was in fact seized after he withdrew his consent as he now alleges.

The petition is indeed confusing as it relates to this claim, in particular because of petitioner's emphasis on the fact that he was not presented with the search warrant before his truck was searched, and on his allegations regarding the timing of the issuance of the search warrant and the search itself.[2] However, while confusing, the central contention of his claim is fairly discernable in petitioner's federal petition: petitioner claims that the items, including the lipstick, that were seized from his truck were seized after he had withdrawn his consent to

---

[1] The magistrate judge correctly noted that, while certain Fourth Amendment violations are themselves not cognizable on federal habeas review, *see Stone v. Powell*, 428 U.S. 465 (1976), counsel's failure to litigate such claims competently may still give rise to a cognizable ineffective assistance claim, *see Lockhart v. Fretwell*, 506 U.S. 364 (1993). Report and Recommendation, Rec. Doc. 18, at 28, n.34.

[2] In his objection, petitioner states that the "failure of the FBI to actually serve this petitioner with the warrants was ONLY raised to prove the illegal tactics of the FBI in order to use items at trial that were illegally seized." Objection at 11.

search.  Petitioner argues that while those items would have been legally seized if they had been seized pursuant to his consent to search, they were not covered by the narrower search warrant. He argues that "all items not specifically listed within the 'four corners' of the search warrant for his house and truck" should have been suppressed, and his counsel was ineffective because they failed to move to suppress the evidence on these grounds.

However, even when his claim is considered in this way, petitioner does not present grounds for habeas relief.  The petitioner himself confuses the law regarding the claim he is making.  While he frames his claim as a "four corners" argument, that doctrine concerns the affidavit on which a warrant is issued, i.e., whether the facts recited within the four corners of the affidavit are sufficient to support a finding of probable cause, and not the scope of the warrant itself.  This is made clear by the Louisiana case cited by petitioner.  *State v. Wells*, 221 So.2d 50 (La. 1969).  Indeed, this argument was made by defense counsel prior to trial (that the warrant to search the house and truck was invalid as it was supported by an insufficient affidavit) and rejected.[3]  State Rec. Vol. 2 at 349.  Rather, petitioner seems to be making an argument that the warrant issued itself did not encompass seizure of the particular evidence, including the lipstick, at issue.  That is, the warrant did not name with sufficient particularity this evidence.

Review of this claim is made somewhat difficult because of the absence of a copy of the original warrant in the record.  The trial court's May 25, 2000 "Reasons for Judgment," denying defendant's "motion to suppress evidence seized for lack of probable cause to support the

---

[3] A claim made on the same grounds would not be cognizable on federal habeas review, because petitioner was afforded a full and fair hearing on this claim in state court.  *Stone*, 428 U.S. 465.

warrant," states that "the first affidavit at issue supported a search warrant for the defendant's red pickup truck for hair fibers, blood or clothing." State Rec. Vol. 2 at 351.  A warrant may authorize the seizure of an entire class of items if the warrant is sufficiently particular to establish probable cause to support the seizure of the entire class, *see Andresen v. Maryland*, 437 U.S. 463, 480 (1976), and if a more precise description is not possible. *See, e.g.*, *U.S. v. Davis*, 226 F.3d 346, 352 (5th Cir. 2000).  Indeed, a warrant may contain a catch-all phrase, such as "evidence of the crime at this time unknown" as long as the phrase sufficiently limits the discretion of the officers when read in the context of the entire warrant. *Andresen*, 427 U.S. at 479-82.  In light of these principles, it would appear that the affidavit in this case,[4] if it provided

---

[4]This affidavit is quoted, with typographical errors in the date of unknown origin, in the defense's memorandum in support of the motion to suppress. State Rec. Vol. 2, at 342-43.  The motion reads in relevant part:

> The following is a verbatim rendition of the affidavit for the search warrants issued on April 17, 1988 [sic - 1998], for the home and truck of Ralph Stogner:
>
>> "The reasons and facts for the request of this search warrant are:
>> On Wednesday April 25 [sic-15th], 1998, at about 10:00 a.m. a w/f was abducted from in front of her residence in St. Tammany Parish, La.
>>
>> Investigation revealed that a white male driving a red pick-up truck with a red Camper shell on the back was seen pulling the w/f into the truck.
>>
>> Further investigation indicated that one Ralph Stogner, residing 1113 Perrin Street, Arabi, La. was in the immediate area.
>>
>> Sgt.Terry Parta, Det.Chris Bell, and Special Agent Holly Hubert of he [sic] F.B.I. went to 1113 Perrin Street, and spoke with Ralph Stogner.
>>
>> Investigator observed a 1994 Chrevrolet [sic] red with a red camper shell parked in the driveway of 1113 Perrin Street.
>>
>> Investigators spoke with Stogner, and Stogner admitted to investigators that he was in the immediate vicitnity (sic) where the w/f was abducted.
>> Due to the aforementioned facts it is requested that a serach [sic] warrant be issued for the residence 1113 Perrin St. Arabi, La."

Motion to Supress p.3, Apr. 20, 2000, State Rec. Vol. 2, at 342-43.

probable cause to justify any warrant at all,[5] would justify a warrant that included seizure of a lipstick case from the defendant's van as sufficiently related to the crime and type of evidence the police were searching for. In this case, it not clear if the passage from the May 25, 2000 Reasons for Judgment purports to be a verbatim quotation from the warrant, and because the record contains no actual copy of the warrant itself, it is impossible to determine whether the warrant, on its face, encompassed more than specifically "hair fibers, blood or clothing."

     A final determination of this question is not necessary, however, because the warrant here did, in the very least, allow for a search of petitioner's home and truck for hair fibers and blood, which permitted the police to search in any area where such small items could be located. Thus the items seized, such as lipstick and carpet fibers, would almost certainly be justified under the plain view exception to the warrant requirement. *See, e.g., Coolidge v. New Hampshire*, 403 U.S. 443, 465 (officers' presence for plain-view seizure purposes justified by search warrant). As a result, defense counsel was reasonable, when they considered the possible grounds for suppressing this evidence, in concluding that the plain view exception would apply had they made such an argument. Because counsel was reasonable, petitioner's ineffective assistance of counsel claim must fail. *See Strickland v. Washington*, 466 U.S. 668 (1984).[6]

     In addition, and as noted by the magistrate judge, petitioner has not established that the

---

[5] The trial court found that it did, and as noted above in footnote 3, this particular Fourth Amendment issue is not and can not be before this Court on federal habeas review.

[6] Petitioner's claim would also fail the second prong of the *Strickland* test for ineffective assistance of counsel: prejudice. Had counsel moved to suppress on the grounds petitioner now asserts, the motion would properly have been denied because of the plain view exception to the warrant requirement, and the evidence would still have been presented to the jury.

disputed evidence was in fact seized after he withdrew his consent. FBI agent Denaldo Rodrigues clearly testified that the evidence in question was seized prior to petitioner's withdrawal of consent to search. State Rec. Vol. 4, pp. 785-86. In light of petitioner's failure to show even the factual predicate for his evidentiary claim (that the evidence in question was seized after his consent was revoked), and because counsel put forth a significant effort overall at trial,[7] this Court cannot conclude that the Louisiana state courts were unreasonable in denying this claim. *See* 28 U.S.C.§ 2254(d)(1).

## Conclusion

The Court adopts the report and recommendation on all other issues, and agrees with the magistrate judge's conclusion that the petitioner should be dismissed.

Accordingly,

IT IS ORDERED that the petition of Ralph R. Stogner, III, be hereby DENIED WITH PREJUDICE. Judgment will be entered accordingly.

---

[7] "Defense counsel did an outstanding job of defending this applicant, including filing and arguing numerous motions to quash and suppress evidence and Daubert motions in conjunction with the DNA evidence. Motions to Suprress filed in this case were heard and argued on many occasions including 6/2/99, 7/8/99, 1/4/00, 3/2/00, 3/22/2001 and 3/23/2001. [These included motions to suppress the evidence on the grounds that consent was not voluntary and that the warrant was not based on enough to demonstrate probable cause, both denied, as well as a motion to suppress evidence of a prior conviction, which was successful.] Defense counsel explored in great depth arguments concerning basis [sic] to exclude evidence in this case." Order of trial court on application for post-conviction relief, April 19, 2004, State Rec. Vol. 27. The Louisiana First Circuit and the Louisiana Supreme Court denied petitioner's subsequent writ applications without assigning reasons. *State ex rel. Stogner v. Cain*, 2004-KW-1144 (La.App. 1 Cir. 9/7/2004)(unpublished opinion); *State ex rel. Stogner v. Cain*, 2004-KH-2560 (La. 2005), 904 So.2d 736; State Rec. Vol. 27. When the last state court judgment does not indicate on what grounds it is based, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion, here the trial court's order. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

New Orleans, Louisiana, this 28th day of January, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE